

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

Mar — 4 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| ENRIQUE IRUEGAS, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | § |
| | § |
| DOUGLAS DRETKE, Director, | § |
| Texas Department of Criminal | § |
| Justice, Institutional Division, | § |
| | § |
| Respondent. | § |

2:05-CV-0049

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS
## FOR FAILURE TO EXHAUST STATE COURT REMEDIES

Before this Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed November 29, 2004[1] by petitioner ENRIQUE IRUEGAS, a state prisoner currently confined in the Jordan Unit in Gray County, Texas. Petitioner does not seek to challenge his underlying conviction or sentence, but is attacking the manner in which his sentence is being carried out, specifically, petitioner complains he has not received credit for 267 days of time served. The proper method for challenging the manner in which a sentence is being executed is by way of a petition for habeas corpus under 28 U.S.C. §2241. Since petitioner IRUEGAS clearly stated he is not challenging his conviction, the undersigned construes this habeas application as a request pursuant to 28 U.S.C. §2241.

Petitioner was previously incarcerated but was released to mandatory release. On

---

[1]Petitioner's habeas application is deemed filed as of the date he placed his petition in the prison mail system, *i.e.*, March 23, 2001. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Petitioner originally filed his application with the United States District Court for the Eastern District of Texas but such was transferred to this Court on February 5, 2005.

October 22, 1999, petitioner was arrested in San Antonio, Texas for failing to register as a sex offender, one of the conditions of his release. On February 22, 2000, petitioner was convicted, after a bench trial, by the 6th Judicial District Court of Lamar County, Texas, for such offense and sentenced to ten (10) years imprisonment in the Texas Department of Criminal Justice - Institutional Division (TDCJ). Petitioner claims he filed a direct appeal with the Sixth Appellate Court in Texarkana, Texas and that such was dismissed for want of jurisdiction on March 23, 2000. Petitioner avers he did not file a Petition for Discretionary Review (PDR) but that he filed a writ of certiorari with the United States Supreme Court that is pending.[2] Petitioner also claims he has filed two motions for relief from judgment with the United States District Court Paris Division in Tyler, Texas, those apparently denied on February 18, 2003 and July 12, 2004 respectively. A review of a withdrawn report and recommendation issued by United States Magistrate Judge Don D. Bush reflects that petitioner filed a habeas application with the Eastern District of Texas attacking the underlying conviction.[3]

I.
EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, the provisions of the AEDPA apply to this case. As relevant here, the AEDPA provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

---

[2]A review of the United States Supreme Court docket records show the Court denied certiorari on October 4, 2004.

[3]Such case is listed as Cause No. 3:02-cv-58 (E.D. Tex., Feb. 18, 2003). A review of the docket records however show that cause number to be incorrect.

> (A)     the applicant has exhausted the remedies available in the
>          courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii)    circumstances exist that render such process ineffective to
>          protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits,
notwithstanding the failure of the applicant to exhaust the remedies available in
the courts of the State.

(3) . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the
courts of the State, within the meaning of this section, if he has the right under
the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The exhaustion doctrine set forth in section 2254 requires that the state courts

be given the initial opportunity to address and, if necessary, correct alleged deprivations of

federal constitutional rights in state cases.  *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct.

1056, 1059 (1989).  The doctrine serves "to protect the state courts' role in the enforcement of

federal law and prevent disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509,

518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard
> and protect rights secured by the Constitution.  Because it would be unseemly in
> our dual system of government for a federal district court to upset a state court
> conviction without an opportunity to the state courts to correct a constitutional
> violation, federal courts apply the doctrine of comity, which teaches that one court
> should defer action on causes properly within its jurisdiction until the courts of
> another sovereignty with concurrent powers, and already cognizant of the
> litigation, have had an opportunity to pass upon the matter.

*Id.*  (brackets, internal quotation marks, and citations omitted).  To have exhausted his state

remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal

constitutional claims to the state courts.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997),

*cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

Additionally, "as of January 1, 2000, inmates are now required to first pursue claims of denial of time credits through a dispute-resolution process within the prison system before seeking relief pursuant to TEX. CODE CRIM. PROC. § 11.07." *Sorrells v. Cockrell*, No. 4:01-CV-0324-A, 2001 WL 1148962, at *3 (N.D. Tex. Sept. 17, 2001). Specifically the Texas Government Code provides:

§501.0081. Dispute Resolution: Time-Served Credits.

(a) The department shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

(b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

> (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

> (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

(c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

It does not appear petitioner has complied with the statutory provisions set forth above. In his objections to the now withdrawn report and recommendation issued by Magistrate Judge Bush, petitioner contends he exhausted his state administrative remedies and provided the Court with a copy of a letter dated March 21, 2001 from a "Legal Assistant Supervisor" containing what appears to be a calculation of petitioner's time from TDCJ-ID. This document, however, does not appear to be directed to the Time Credit Dispute Resolution authority.

Thus, it cannot be said that petitioner has exhausted his available state administrative remedies, specifically, the dispute resolution process. As such, based upon the record, it is opinion of the undersigned that petitioner has not exhausted his state court remedies. He has failed to follow the dispute resolution process and challenge such outcome in a state application for writ of habeas corpus with the Texas Court of Criminal Appeals. Accordingly, as the record now exists, it is the opinion of the Magistrate Judge that the petition must be dismissed for failure to exhaust.

II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United

States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody

filed by petitioner ENRIQUE IRUEGAS be DISMISSED WITHOUT PREJUDICE.  Petitioner is

advised that dismissal without prejudice does not guarantee petitioner that he will be permitted to

prosecute any subsequently filed federal habeas application if such is time-barred, nor guarantee

application of any "relation back" theory, but merely allows any subsequently filed petition not to

be considered as a second or successive petition.


III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _____ day of March 2005.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is**

**filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).