IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| ENRIQUE IRUEGAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0049 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Before this Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed November 29, 2004[1] by petitioner ENRIQUE IRUEGAS, a state prisoner currently confined in the Jordan Unit in Gray County, Texas. Petitioner does not seek to challenge his underlying conviction or sentence, but is attacking the manner in which his sentence is being carried out, specifically, petitioner complains he has not received credit for 267 days of time served. By way of Report and Recommendation issued by this Court March 4, 2005, this petition for habeas corpus was construed to be a request pursuant to 28 U.S.C. §2241. The underlying procedural history is set forth in the March 4, 2005 Report and Recommendation.

The undersigned, in the prior Report and Recommendation, recommended that

---

[1]Petitioner's habeas application is deemed filed as of the date he placed his petition in the prison mail system, i.e., March 23, 2001. See Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998). Petitioner originally filed his application with the United States District Court for the Eastern District of Texas but such was transferred to this Court on February 5, 2005.

petitioner's application be dismissed for failure to exhaust his administrative remedies. On March 15, 2005 and April 4, 2005 petitioner filed objections to such Report and Recommendation and asserted he had exhausted his state administrative remedies. However, petitioner failed to provide the Court with the dates he became aware of the alleged miscalculation to his sentence, and when he submitted such claim to prison authorities. The Court directed petitioner to submit such information by way of a Questionnaire. On April 14, 2005, petitioner responded asserting he became aware prison authorities had miscalculated his sentence on September 29, 2000, and that he submitted such claim to the Time Credit Dispute Resolution Board on November 29, 2001.

Prior to the AEDPA, state prisoners had almost unfettered discretion in deciding when to file a federal habeas petition. *See Calderon v. United States*, 112 F.3d 386, 388 (9th Cir. 1997). The AEDPA dramatically changed this by creating a one-year limitation period within which a state prisoner may file his petition for habeas relief in federal court pursuant to 28 U.S.C. § 2254. As amended, 28 U.S.C. § 2244 establishes the one-year limitation period and provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The new time limitations imposed by section 2244 apply to the instant habeas application because it was filed after the effective date of the statute, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Petitioner has stated he became aware of the sentence miscalculation on September 29, 2000. This is the date on which the factual predicate of the claim or claims presented was discovered through the exercise of due diligence. Therefore, petitioner had one year from such date to file the instant application. Petitioner failed to do so. Petitioner is not entitled to any tolling provision because he failed to pursue his state administrative remedy until after his one year limitations period had run. For these reasons, petitioner's application is time barred.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner ENRIQUE IRUEGAS be DISMISSED as time barred.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this _15th_ day of April 2005.

                                          CLINTON E. AVERITTE
                                          UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).